# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN T. MARVIK, | |
| *Plaintiff*, | 3:11-cv-00334-RCJ-VPC |
| vs. | |
| | ORDER |
| WASHOE COUNTY SHERIFFS, *et al.* | |
| *Defendants*. | |

This *pro se* prisoner civil rights case by an inmate in a county detention center comes before the Court on plaintiff's application (#1) to proceed *in forma pauperis* and for initial review, as well as on plaintiff's motion (#3) to include additional evidence, motion (#4) to expedite, motion (#5) to order his jailer's to produce sundry records, motion (#6) to issue arrest warrant, motion (#7) to order immediate release, and second motion (#8) to include additional evidence.

The papers submitted are subject to multiple defects.

First, plaintiff failed to attach the required attachments for a pauper application by a person in custody. Both a financial certificate properly executed by an appropriate institutional officer and a statement of the plaintiff's inmate trust fund account for the past six months are required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2. Plaintiff attached neither an executed financial certificate nor a statement of his inmate trust fund account for the past six months.

     Second, the plaintiff did not file his pleadings on a proper pleading form as required by Local Rules LSR 2-1 and LSR 3-1. Plaintiff proceeds on the premise that his action does not "fit" under 42 U.S.C. § 1983 vis-à-vis a requirement that he use the Court's required § 1983 complaint form because he is alleging federal criminal violations by his jailers. Plaintiff is incorrect. Plaintiff's conclusory allegations concern the conditions of his confinement and the alleged illegality of the pending state criminal prosecution brought against him. To the extent that such allegations, *arguendo*, are cognizable in a proceeding brought by plaintiff himself, they must be pursued either on a required § 1983 complaint form or habeas petition, as applicable. There is no circumstance under which plaintiff may initiate a proceeding to enforce federal criminal statutes. Only the United States Attorney may initiate proceedings to enforce federal criminal statutes in this context. There is absolutely no circumstance under which a detainee or inmate may initiate a proceeding either to enforce federal criminal statutes or to seek the initiation of a federal criminal prosecution. Plaintiff thus must commence his action on a required pleading form under Local Rules LSR 2-1 and LSR 3-1, as applicable.[1]

     Third, plaintiff has not satisfied the requirements for seeking temporary injunctive relief. Under Rule 65(b)(1), a temporary restraining order may issue without notice only if specific facts demonstrate that the moving party will suffer irreparable injury before the adverse party can be heard or the movant certifies the efforts to give notice and the reasons why notice is not required. Plaintiff has not satisfied these requirements.

/ / / /

---

[1] The Court makes no determination as to whether all of plaintiff's claims properly are cognizable, if at all, under § 1983 as opposed to in habeas. The Court determines only that plaintiff's premise is flawed that he can proceed only via handwritten papers rather than on a § 1983 complaint form because he is alleging federal criminal violations. To the extent that plaintiff seeks to challenge the legality of his state prosecution, federal courts generally do not intervene in pending state criminal proceedings either under § 1983 or via federal habeas corpus. To the extent that such relief is available, however, such relief must be pursued via either a § 1983 complaint or a federal habeas petition *on a required pleading form.* Plaintiff in all events may not pursue relief via handwritten papers as he has done in this action. The Court leaves a determination as to whether specific claims properly may be pursued under § 1983 as opposed to habeas to an action that has been commenced properly initially on a required pleading form.

1  IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is DENIED and that this action shall be DISMISSED without prejudice to the filing of a new pleading on the proper form in a new action together with either a pauper application on the required form with all required attachments or the required filing fee.

IT FURTHER IS ORDERED that all remaining motions (## 3-8) are DENIED.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice. The Clerk shall send plaintiff a copy of the initial papers that he filed (#1 and its attachments) herein along with a copy of a pauper application for an incarcerated person, a Section 1983 complaint form, a Section 2254 noncapital habeas form, and the instructions for each form.

DATED: This 17th day of June, 2011.

_____
ROBERT C. JONES
Chief United States District Judge